Norguard Ins. Co. v 148 W. Owner LLC (2025 NY Slip Op 05193)

Norguard Ins. Co. v 148 W. Owner LLC

2025 NY Slip Op 05193

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 154822/20|Appeal No. 4792|Case No. 2024-06575|

[*1]Norguard Insurance Company, etc., Plaintiff, Eunhasu Corporation, Plaintiff-Appellant,
v
148 West Owner LLC, et al., Defendants-Respondents, Gene Kaufman et al., Defendants.

Weg and Myers, P.C., Rye Brook (Dennis T. D'Antonio of counsel), for appellant.
Hall Booth Smith, P.C., Garden City (James M. Murphy of counsel), for 140 West 28 Owner LLC and Omnibuild Construction Inc., respondents.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about September 4, 2024, which, insofar as appealed from, denied plaintiff-appellant Eunhasu Corporation's motion for leave to amend the complaint to add a cause of action for breach of a licensing agreement against defendant-respondent 140 West 28 Owner LLC, unanimously reversed, on the law, without costs, and the motion granted.
Supreme Court improvidently exercised its discretion in denying plaintiff's motion insofar as it sought to add a cause of action for breach of the licensing agreement (but not the separate but complementary cooperation agreement) against 140 West 28 Owner LLC. Motions for leave to amend pleadings should be freely granted (CPLR 3025 [b]) absent prejudice or surprise resulting from the proposed amendment, unless the proposed amendment is palpably insufficient or patently devoid of merit (see Ferrer v Go N.Y. Tours Inc., 221 AD3d 499, 500 [1st Dept 2023]; Smith v Founders Entertainment LLC, 216 AD3d 417, 417 [1st Dept 2023]). The record does not support the conclusion that having to defend against a newly added cause of action for breach of the licensing agreement, which was asserted in the related, consolidated subrogation action brought against defendants by plaintiff's insurer, would prejudice defendants.
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025